IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDDIE GREATHOUSE,

           Plaintiff,

v.                                                    CIVIL ACTION NO.  2:11-cv-00952

VANDERBILT MORTGAGE AND FINANCE
INC., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 5]. For the reasons discussed below, this motion is **GRANTED**.

**I.    Background**

This case arises from allegations by the plaintiff, Eddie Greathouse, that the defendants engaged in predatory and illegal lending in violation of West Virginia law. According to the plaintiff, on January 24, 2008, Mr. Greathouse purchased a single wide mobile home valued at $38,887.50 with a loan he acquired from Vanderbilt. (Mem. Law in Supp. Pl.'s Mot. to Remand [Docket 6], at 2). Mr. Greathouse asserts that the amount of the loan far exceeded the value of the real property by which the loan was secured. (*Id.* at 6). He claims that the loan was induced by an inflated valuation of his property, contained substantively unfair terms, and was unconscionable. (*Id.*)

The plaintiff filed suit in the Circuit Court of Roane County, West Virginia. The complaint names the following defendants: the lender, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), a Tennessee corporation with its principal place of business in Maryville, Tennessee; the closing agent, Carteret Title, L.L.C., a West Virginia limited liability company doing business in West Virginia; and the document preparer, Janice Chaney, a resident of Wayne County, West Virginia.

Vanderbilt has removed the matter to this court pursuant to 28 U.S.C. §§ 1441 and 1446. In its notice of removal, Vanderbilt alleges that Carteret Title LLC is a Virginia Limited Liability Corporation, and that its sole member is a resident of the State of Virginia. (Notice of Removal [Docket 1]). Further, Vanderbilt claims that Janice Chaney was fraudulently joined as a defendant in this matter. (*Id.*) Based on these assertions, Vanderbilt claims that complete diversity exists between the parties and that jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). Meanwhile, the plaintiff argues that Chaney was not fraudulently joined and, therefore, that there is no complete diversity between the parties and no subject matter jurisdiction.

**II.     Legal Standard**

A case may be removed to federal court only if it is within the federal court's original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs v. Schacht*, 524 U.S. 381, 388 (1998). The party seeking removal bears the burden of establishing

federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008).

The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332. Accordingly, no party involved in a diversity suit may share common citizenship with any party on the other side. *Id.* Normally, diversity jurisdiction is determined from the face of the plaintiff's well-pleaded complaint. The judicially-created fraudulent joinder and fraudulent misjoinder doctrines provide exceptions to the well-pleaded complaint rule by allowing a court "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

The doctrine of fraudulent joinder may be applied where a defendant was joined solely for the purpose of defeating diversity jurisdiction. The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation omitted) (internal quotation marks omitted). "The defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at

232-33 (internal citations omitted). The Fourth Circuit has held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a "glimmer of hope," the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

Fraudulent misjoinder, on the other hand, is an assertion that certain claims against a nondiverse defendant have no real connection to the action and were joined only to defeat diversity jurisdiction. *See Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 498-99 (S.D. W. Va. 2009) (citing *Tapscott v. MS Dealer Servc. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

**III.    Analysis**

The following three counts in the plaintiff's complaint apply specifically to defendant Janice Chaney: Count I (Unconscionable Inducement), Count IV (Unauthorized Practice of Law), and Count V (Unauthorized Practice of Law). The parties do not dispute that both the plaintiff and defendant Chaney are residents of West Virginia. However, Vanderbilt asserts that removal was nonetheless proper because Chaney was fraudulently joined to Count I, and because Count IV and Count V were fraudulently misjoined to this action.

A party seeking to prove fraudulent joinder must show either "outright fraud in the plaintiff's pleading of jurisdictional facts," or "that there is *no possibility* that the plaintiff would

be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1990) (emphasis in original) (internal quotation marks omitted). In this case, Vanderbilt does not argue that there was outright fraud in the plaintiff's pleading of jurisdictional facts. Rather, it contends that there is no legal possibility that the plaintiff would be able to establish a cause of action for unconscionable inducement against defendant Chaney. First, Vanderbilt claims that there is not sufficient substantive unconscionability for the count to survive a motion to dismiss. Second, Vanderbilt asserts that the law does not provide the plaintiff with the remedy against the defendant Chaney because Chaney was not a party to the contract. Meanwhile, the plaintiff argues that the loan contained substantively unfair terms, and that Chaney's actions in preparing the closing documents and conducting the closing of the loan are the basis for much to the asserted procedural unfairness. In support of this argument, the plaintiff points to case law to show that courts in West Virginia have found that it is possible for non-parties to a contract to be liable for fraudulent inducement where they are acting as agents of a party.

Having reviewed the pleadings and the relevant law, the court cannot affirmatively say that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1990) (emphasis in original) (internal quotation marks omitted); *see also id.* (stating that the standard for establishing fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P 12(b)(6)"). The evidence demonstrates that there is at least a "glimmer of hope" that the plaintiffs can state a claim against Chaney in state court when the facts are viewed in the light most favorable to the plaintiffs. Therefore, the court **FINDS** that

the defendant has not met its burden of establishing fraudulent joinder, and that there is no complete diversity between the parties in this case.

Having found that there is no complete diversity between the parties, the court finds it unnecessary to consider whether Count IV and Count V were fraudulently misjoined. All of the defendants, including the nondiverse defendant, are named in Count I of the complaint.

For the reasons discussed above, the court **FINDS** that it lacks jurisdiction over this matter. Accordingly, the court **GRANTS** the plaintiff's Motion to Remand [Docket 5]. It is **ORDERED** that this case shall be **REMANDED** to the Circuit Court of Roane County, West Virginia**.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 24, 2012

Joseph R. Goodwin, Chief Judge

- 6 -